IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM SHERROD HENDERSON,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　 )　　Civil Action No. 3:16CV787–HEH
　　　　　　　　　　　　　　　　)
FORMER CITY SHERIFF OF　　　　　)
RICHMOND, VA, *et al.*,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　 )

**MEMORANDUM OPINION**
**(Issuing Prefiling Injunction)**

This action arises from Plaintiff William Sherrod Henderson's ("Plaintiff")

ongoing, and historically meritless, dispute with Defendant Michelle Mitchell

("Defendant"), former sheriff of Richmond, Virginia.  Plaintiff filed the present action on

September 22, 2016.  (Compl., ECF No. 1.)  The Complaint contains no factual

allegations, and the attached Civil Cover Sheet merely states "I was put into false

imprisonment." (*Id.*)  Consequently, the Court dismissed the Complaint on September

27, 2016, for failure to state a claim.  (Mem. Order, ECF No. 2.)  Additionally, due to

Plaintiff's continuous and harassing pattern of filing meritless lawsuits against

Defendant, the Court ordered Plaintiff to show cause in writing as to why he should not

be permanently enjoined from future filings.  (*Id.*)  Because he has failed to provide a

sufficient response to the Court's show cause Order, and for the reasons set forth below,

Plaintiff will be enjoined from filing future lawsuits pertaining to the same subject matter

in this Court without prior approval.

## I. BACKGROUND

In October, 2014, Plaintiff began filing lawsuits in this Court alleging that his

signature was forged on a plea agreement and that he was falsely imprisoned at the

Richmond City Jail.  Since then, Plaintiff has brought a total of twelve civil actions, all

based on the same facts, naming a combination of defendants, including Mitchell, one of

her deputy sheriffs, and an assistant public defender.[1]  In each case, the Court granted

Plaintiff's Motion to Proceed *In Forma Pauperis* but dismissed the Complaint for lack of

subject matter jurisdiction or for failure to state a claim.  The Court has given Plaintiff

multiple opportunities to amplify the legal and factual allegations of his Complaints.  *See*

Order at 4, *Henderson v. Former City Sheriff of Richmond, et al.*, No. 3:16cv155–HEH

(E.D. Va. Mar. 14, 2016); Order at 4, *Henderson v. Mitchell, et al.*, No. 3:16cv61–HEH

(E.D. Va. Jan. 29, 2016); Order at 4, *Henderson v. Mitchell, et al.*, No. 3:15cv752–HEH

(E.D. Va. Dec. 10, 2015); Order at 4, *Henderson v. Commonwealth of Virginia, et al.*,

No. 3:14cv684–HEH (E.D. Va. Oct. 20, 2014).  The Court has also warned Plaintiff that

continuing to file meritless actions could result in an injunction preventing him from

filing future lawsuits.  *See* Order at 3, *Henderson v. Former City Sheriff of Richmond, et*

---

[1] *See Henderson v. Former City Sheriff of Richmond, et al.*, No. 3:16cv787–HEH (E.D. Va. Sept. 27, 2016); *Henderson v. Former City Sheriff of Richmond, et al.*, No. 3:16cv486–HEH (E.D. Va. July 7, 2016); *Henderson v. Former City Sheriff of Richmond, et al.*, No. 3:16cv359–HEH (E.D. Va. June 20, 2016); *Henderson v. Former City Sheriff of Richmond, et al.*, No. 3:16cv315–HEH (E.D. Va. June 3, 2016); *Henderson v. Mitchell*, No. 3:16cv295–HEH (E.D. Va. May 19, 2016); *Henderson v. Mitchell, et al.*, No. 3:16cv246–HEH (E.D. Va. May 5, 2016); *Henderson v. Mitchell, et al.*, No. 3:16cv185–HEH (E.D. Va. Mar. 30, 2016); *Henderson v. Former City Sheriff of Richmond, et al.*, No. 3:16cv155–HEH (E.D. Va. Mar. 14, 2016); *Henderson v. Mitchell, et al.*, No. 3:16cv61–HEH (E.D. Va. Jan. 29, 2016); *Henderson v. Mitchell, et al.*, No. 3:15cv752–HEH (E.D. Va. Dec. 10, 2015); *Henderson v. Mitchell, et al.*, No. 3:15cv345–HEH (E.D. Va. June 15, 2015); *Henderson v. Commonwealth of Virginia, et al.*, No. 3:14cv684–HEH (E.D. Va. Dec. 18, 2014).

*al.*, No. 3:16cv486–HEH (E.D. Va. July 7, 2016); Order at 3, *Henderson v. Former City*

*Sheriff of Richmond, et al.*, No. 3:16cv359–HEH (E.D. Va. June 20, 2016); Order at 4,

*Henderson v. Mitchell, et al.*, No. 3:16cv246–HEH (E.D. Va. May 5, 2016).

Nevertheless, Plaintiff has continued his pattern of baseless fillings, leaving the Court

with no choice but to consider whether a prefiling injunction is appropriate.

## II. LEGAL STANDARD

"The All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to restrict

access to federal courts of parties who repeatedly file frivolous litigation." *Armstrong v.*

*Koury Corp.*, 16 F.Supp.2d 616, 620 (M.D.N.C. 1998) (citing *In re Burnley*, 988 F.2d 1

(4th Cir. 1992) (recognizing district court's power to impose limits upon those who abuse

the judicial system)). In so doing, "the judge must ensure that the injunction is narrowly

tailored to fit the specific circumstances at issue." *Cromer v. Kraft Foods N. Am., Inc.*,

390 F.3d 812, 818 (4th Cir. 2004) (citation omitted). A prefiling injunction is "narrowly

tailored to fit the specific circumstances at issue" when it "address[es] only filings in [a

particular action] or related actions." *Cromer*, 390 F.3d at 819; *see also Thomas v.*

*Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008) (holding that a district court injunction

was overbroad because it prohibited plaintiff from any "further filings against

government officials and their counsel" without leave of court). Additionally, prior to

issuing a prefiling injunction, the Court "must afford a litigant notice and an opportunity

to be heard." *Cromer*, 390 F.3d at 819.

In determining whether a prefiling injunction is appropriate, a court must weigh all

of the relevant circumstances, including the following four factors:

(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). "Ultimately, the question the court must answer is whether a litigant [with] a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Whitehead v. Paramount Pictures Corp.*, No. 1:08cv792 (AJT), 2009 WL 1491402 at *3 (E.D. Va. May 26, 2009) (quoting *Safir*, 792 F.2d at 24). The record at hand supports such conclusions.

## III. DISCUSSION

As an initial matter, a litigant is entitled to notice and an opportunity to be heard before a court enjoins him from filing. *Cromer*, 390 F.3d at 819. In this case, the Court has provided Plaintiff with notice and an opportunity to be heard by ordering him, on September 27, 2016, to show cause in writing as to why a prefiling injunction should not be issued. (*See* Mem. Order at 3–5, ECF No. 2.) That Order specifically outlined the four *Cromer* prefiling injunction factors and invited Plaintiff to address them in his response. (*Id.*) The Court gave Plaintiff a deadline of October 21, 2016, to respond to the show cause Order. (*Id.*) On October 19, 2016, without addressing the show cause Order, Plaintiff informed the Court in a letter that he had relocated from Florida to California. (ECF No. 4.) Thereafter, out of an abundance of caution, the Court issued another show cause Order, delivered it via certified mail to Plaintiff's California address, and extended his reply deadline until November 15, 2016. (ECF No. 5.) Plaintiff

4

received this notice. In addition to signing the certified mail return receipt, (ECF No. 8), Plaintiff responded to the Court's show cause Order by mailing the Court a copy of the Order, a newly executed Motion to Proceed *In Forma Pauperis*, and a copy of his original Complaint. (ECF No. 7.) Therefore, Plaintiff received ample notice of the Court's intention to consider issuing a prefiling injunction. He was also given an adequate opportunity to be heard, but has chosen not to avail himself of that opportunity by failing to address the issue.

Turning to whether a prefiling injunction is appropriate, the Court concludes that each *Cromer* factor weighs in favor of enjoining Plaintiff. His recent pattern of filing lawsuits, considered in conjunction with his previous litigation history, necessitates a prefiling injunction. However, the Court must emphasize that its goal is neither punitive nor intended to foreclose good faith filings. Rather, it is intended to impose reasonable limitations designed to efficiently screen further litigation without hindering the orderly administration of justice.

The first factor to consider is Plaintiff's litigation history. *Cromer*, 390 F.3d at 818. Plaintiff has now filed twelve lawsuits stemming from the same set of facts, the six most recent, within the span of five months. Despite repeated dismissals, he relentlessly refiles similar complaints. It is worth noting that a prefiling injunction was necessary to curtail Plaintiff's incessant filing of employment discrimination actions against Henrico County in 2013. *See Henderson v. County of Henrico Human Resources*, No. 3:11cv739-HEH, 2013 WL 871510 (E.D. Va. Mar. 8, 2013). Likewise, his most recent

series of filings demonstrates a pattern that appears will continue without Court action. This litigation history evinces a need for prefiling relief.

Second, the Court must consider the lack of a good faith basis for litigation. *Cromer*, 390 F.3d at 818. Plaintiff has repeatedly been admonished by this Court that his claims merely consist of baseless conclusory allegations and conjecture. He is on notice that these threadbare claims are insufficient, yet he continues to file the same unsupported pleadings in each case. Because he expends no effort to correct the deficiencies in his pleadings, even after being repeatedly admonished to do so, each successive filing repeats similar frivolous claims. Michelle Mitchell has not served as Sheriff of the City of Richmond since 2005. This second factor supports the imposition of a prefiling injunction.

Third, the Court considers the burden of Plaintiff's litigation activities. *Cromer*, 390 F.3d at 818. On multiple occasions, the Court dismissed Plaintiff's complaints but gave him the opportunity to refile after amplifying his pleadings. Plaintiff squandered these opportunities, repeatedly returning with deficient filings. Even the Court's recent warnings of the possibility of an injunction have been insufficient to prevent additional meritless lawsuits. This pattern has created a burden in which the Clerk must commit resources to continuously docketing Plaintiff's baseless complaints and the Court must address them as they are filed. Left unchecked, Plaintiff's abusive conduct will continue to waste scarce judicial resources. Thus, this third factor supports the entry of a prefiling injunction.

Finally, the Court must consider whether a sanction short of a prefiling injunction would suffice. *Cromer*, 390 F.3d at 818. Given the seemingly endless pattern of Plaintiff's unmeritorious lawsuits, there appears to be no other remedy available to the Court. However, the Court intends to narrowly tailor its prefiling injunction to address only future actions arising from the same or similar facts as the previously dismissed complaints. These include suits alleging that Plaintiff's signature was forged on a plea agreement or that he was falsely imprisoned. Additionally, the future filing of such lawsuits will not be completely foreclosed, he must simply obtain specific authorization from the Court to do so in compliance with the terms of this prefiling injunction.

## IV. CONCLUSION

Left unchecked, Plaintiff's endless pattern of filing unmeritorious lawsuits will continue to disproportionately burden the Court and the Clerk's Office. Accordingly, the Court will enter a narrowly tailored prefiling injunction designed to minimize the burden of further meritless filings without completely foreclosing Plaintiff from bringing potentially meritorious claims.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 16, 2016
Richmond, Virginia